*SAVENET & AL. vs LE BRITON & AL.*

APPEAL from the court of the parish and city of New Orleans.

MARTIN, J. delivered the opinion of the court. The plaintiff claims a lot of ground, part of her paraphernal estate, received by her husband from the person who had in his hands her father's estate.

She introduced as evidence of her title, a notarial act, by which her husband acknowledged he had received the lot as part of the plaintiff's paraphernal estate.

The admission of the document was obobjected to on two grounds.

1. Because she was not a party to the act.

2. Because it was not attested by two witnesses, one only having subscribed it.

The act was received in evidence, and the defendant's counsel took a bill of exceptions.

A wife may introduce her husband's acknowledgment, in an act to which she was not a party, to show that he received part of her property.

If a notarial act be subscribed by one witness only, it is valid as a *sous seing privé* only.

Eastern District
*January*, 1830.

SAVENET & AL.
*vs.*
LeBreton&al

1. We think the first objection was properly overruled—the document was introduced to show against the husband's vendee, that the husband had received the lot, part of the plaintiff's paraphernal estate.

2. An authentic act is that which is received by a notary assisted by two witnesses. He and they must subscribe it; if the act wants the signature of the notary or of either of the witnesses, it is a private act only, and proof of its execution does not result from its inspection.

The court erred in receiving the document as an authentic act. Proof of its due execution ought to have been required before it was admitted in evidence.

It is therefore ordered, adjudged and decreed, that the judgment of the parish court be annulled, avoided and reversed, and the case remanded with directions to the parish judge not to receive the act; objected to in evidence, as an authentic act—the plaintiff and appellee paying costs in this court.